[Civ. No. 2988. First Appellate District, Division One.—September 3, 1919.]

FREDERICKA L. BLACKBURN, Respondent, v. R. S. MARPLE, Appellant.

[1] NEGLIGENCE — AUTOMOBILE COLLISION — FINDINGS — EVIDENCE.—In this action for damages for personal injuries suffered by plaintiff as the result of a collision between two automobiles, the findings of the trial court that the defendant was guilty of negligence in

the operation of his car and that the claim of the defendant that the plaintiff's husband was guilty of contributory negligence could not be sustained, were abundantly supported by the evidence.

[2] ID.—APPROACH OF INTERSECTING WAY—OBSTRUCTION OF VIEW—REDUCTION OF SPEED—QUESTION OF FACT.—The question as to the distance away from an intersecting road with an obstructed view when a driver upon the highway going at an otherwise legal rate of speed should reduce his speed to ten miles an hour under the provisions of subdivision 6 of section 22 of the Motor Vehicle Act of 1913, is necessarily a question of fact in each individual case to be determined by the trial court according to such particular circumstances as the kind of car the operator was driving, the speed at which he was previously going, the brake control of the car, and the nature of the obstruction to his view of the intersecting road.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tanner, Odell & Taft for Appellant.

Porter C. Blackburn for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action for damages for personal injuries suffered by the plaintiff as the result of a collision between two automobiles.

The facts of the case, as summarized from the findings of the trial court, are as follows: On July 14, 1915, at about the hour of 6:30 P. M., the plaintiff was riding in a Ford automobile, being driven by her husband along the state highway leading from Whittier to Fullerton, going in an easterly direction at a speed not in excess of twenty miles per hour, and was approaching the point upon said highway where a public road known as the La Habre road enters it from the south. The state highway and the La Habre road are each about sixty feet wide at this point, each having a paved center of about 18 feet in width. At the point of entrance of the La Habre road the latter makes two long curves, one turn-

2. Effect of speed and application of speed regulations on liability for collision between automobiles at or near corner of streets or highways, note, L. R. A. 1916A, 747.

ing into the highway to the left going west, and the other turning into the highway to the right going east, and the triangle at the point of entrance caused by their separation being unpaved but oiled and subject to travel. The private property on each side of the La Habre road at its said point of emergence into the highway is well grown up in orange trees standing within four feet of the property line, and forming quite an obstruction to the vision either of the highway or of the road by persons approaching the point of contact upon either thoroughfare. There were also some electric light poles at said point further obstructing this line of vision. As the plaintiff's husband, driving the car in which she was seated, approached the said point of emergence of the La Habre road, and was, as is variously stated, at from one hundred and fifty to two hundred feet west of said point, he observed an Overland car, operated by the defendant, turning into the state highway on the westerly curve of the La Habre road, and immediately turned his Ford car to the right of the center of the highway going east, and slowed down his speed to eight miles an hour. The defendant proceeded on said curve until he had arrived at about the center of the state highway when, instead of proceeding on the course which would have taken his machine to the right of the center of said highway going west, he suddenly turned his car to the left, and without slowing down proceeded to turn directly across the course of the car in which the plaintiff was riding. The plaintiff's husband, seeing this action, turned his car farther and farther to the right until he was forced off of the paved portion of the highway and on to the dirt strip along it and into the edge of the adjacent orange orchard, where his car was struck by the defendant's car, and badly damaged, and the plaintiff was severely injured by the impact.

The trial court, the cause having been tried without a jury, found from the foregoing facts that the defendant was guilty of negligence in the operation of his car, and that the claim of the defendant that the plaintiff's husband was guilty of contributory negligence could not be sustained, and accordingly rendered judgment in the plaintiff's favor for the sum of one thousand dollars damages, from which the defendant prosecutes this appeal.

[1] From our examination of the testimony, and particularly of the exhibits before us, we are entirely satisfied that the findings of the trial court, of which the foregoing is a brief summary, are abundantly supported by the evidence in the case, and that in point of fact the real cause of the collision was that given by the defendant himself to the plaintiff's husband, and also to several bystanders immediately after the accident that, "he got rattled and lost control of the machine." [2] The only contention of the defendant which saves him from the penalty which would otherwise be justly imposed for taking a frivolous appeal is his contention that the plaintiff's husband was guilty of contributory negligence as a matter of law for a violation on his part of the provisions of subdivision 6 of section 22 of the Motor Vehicle Act of 1913 in force at the time of said accident, which required that persons operating motor vehicles on the public highways of this state should operate or drive their cars at no greater speed than one mile in six minutes "where the operator's view of the road traffic is obstructed upon approaching an intersecting way." This point made on behalf of the appellant is also devoid of merit for two reasons: First, the question as to the distance away from an intersecting road with an obstructed view when a driver upon the highway going at an otherwise legal rate of speed should reduce his speed to ten miles an hour under the said provisions of said act is necessarily a question of fact, in each individual case to be determined by the trial court according to such particular circumstances as the kind of car the operator is driving, the speed at which he was previously going, the brake control of the car, the nature of the obstruction to his view of the intersecting road, etc.; and the point is without merit for the second reason, which is that, according to the evidence in the case, which fully sustains the finding of the court, the plaintiff's husband was from one hundred and fifty to two hundred feet west of the point of emergence of the La Habre road going at a rate of speed not in excess of twenty miles an hour when he first discovered the defendant's car coming into the highway, and that he immediately reduced his speed to eight miles an hour, and took a position on the highway which would have led to an entire avoidance of the accident if the defendant had not, to employ his own language, "got rattled and lost control of his car," with the result that he

crossed over unexpectedly to the wrong side of the highway and there ran the plaintiff's conveyance down in spite of the driver's utmost effort to avoid a collision.

Judgment affirmed.

Waste, P. J., and Bardin, J., *pro tem.*, concurred.